# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL OJEGBA AGBONIFO | CIVIL ACTION |
| VERSUS | NO. 19-11797 |
| LYLE W. CAYCE (CLERK), ET AL. | SECTION "T"(4) |

## ORDER AND REASONS

Plaintiff, Michael Ojegba Agbonifo, has filed a **Motion to Reconsider Pauper Status (Rec. Doc. No. 7)**. On September 12, 2019, the Court denied Agbonifo's pauper application under the three-strikes provision of the 28 U.S.C. § 1915(g). Record Doc. No. 6. Broadly construed, Agbonifo seeks the grant of pauper status asserting that only one of the prior cases referenced in the Court's Order was a strike and two cases were judicial complaints, which he argues are not civil actions that could be strikes. Agbonifo is mistaken as to the nature and consequences of the prior cases relied on by this Court.

As addressed in the Court's prior Order, the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"), codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. Agbonifo's three cases referenced in the Court's prior Order as "strikes," that prevent the grant of pauper status in this case, were the following: *Agbonifo v. Tyner*, C.A. 18-3093 (W.D. Mo. May, 18, 2018); *Agbonifo v. USA*, C.A. 18-0479 (S.D. Tx. May 25, 2018); and *Agbonifo v. Gilmore*, C.A. 18-1617 (S.D. Tx. May 25, 2018).

The first case, *Agbonifo v. Tyner*, Civ. Action 18-3093 (W.D. Mo. May, 18, 2018), was a civil mandamus action under the Federal Torts Claims Act filed in the Western District of Missouri by Agbonifo on March 9, 2018, while he was incarcerated. Agbonifo filed a financial affidavit and account statement with his complaint, and on April 10, 2018, the Court granted Agbonifo leave to proceed as a pauper. *Id*., Rec. Doc. Nos. 2, 3, 8. On May 18, 2018, the Court dismissed the case for failure to state a claim for which relief may be granted under the provisions of 28 U.S.C. § 1915A. *Id*., Rec. Doc. No. 11. Under the plain language of the statute, this dismissal in the Western District of Missouri was a "strike."

The second case, *Agbonifo v. USA*, Civ. Action 18-0479 (S.D. Tx. May 25, 2018), was a prisoner civil rights suit brought under 42 U.S.C. § 1983 filed in the Southern District of Texas by Agbonifo on February 13, 2018, while he was incarcerated. On May 25, 2018, the Court granted Agbonifo pauper status. *Id*., Rec. Doc. No. 3. In the same Order, the Court dismissed Agbonifo's claims under 28 U.S.C. §1915(e)(2)(B) as factually and legally frivolous and for failure to state a claim for which relief can be granted, noting the defendant's absolute judicial immunity. *Id*. The Court also clearly stated: "The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g)." (emphasis in original) *Id*. at p. 5. This dismissal in the Southern District of Texas also was a "strike."

The third case cited, *Agbonifo v. Gilmore*, Civ. Action 18-1617 (S.D. Tx. May 25, 2018), also was a prisoner civil rights suit brought under 42 U.S.C. § 1983 filed in the Southern District of Texas by Agbonifo on May 15, 2018, while he was incarcerated. On May 25, 2018, the Court granted Agbonifo pauper status. *Id*., Rec. Doc. No. 3. In the same Order of Dismissal, the Court also dismissed Agbonifo's claims under 28 U.S.C. §1915(e)(2)(B) as factually frivolous and for failure to state a claim for which relief can be granted, noting the defendant's absolute judicial

immunity. *Id*. The Court again clearly stated, "The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g)." (emphasis in original) *Id*. at p. 5. This dismissal also was a "strike."

For these reasons, Agbonifo has accumulated three "strikes" under the PLRA and is not entitled to proceed as a pauper under 28 U.S.C. § 1915. In addition, the Court reiterates that Agbonifo has not asserted or satisfied the "imminent danger" exception of § 1915(g). Accordingly,

**IT IS ORDERED** that Agbonifo's **Motion to Reconsider Pauper Status (Rec. Doc. No. 7)** is **DENIED**.

New Orleans, Louisiana this  15th  day of October, 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**